UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

CANDIOUS R. o/b/o D.E.L.,

                                                                                                                                                  <u>DECISION AND ORDER</u>

                                Plaintiff,

                                                                                                                                                20-CV-0591L

                v.

ANDREW SAUL,
Commissioner of Social Security,

                                Defendant.

_____

Plaintiff, on behalf of her minor son, D.E.L. ("claimant"), appeals from a denial of supplemental security income benefits by the Commissioner of Social Security ("the Commissioner"), based on the Commissioner's finding that D.E.L. was not disabled.

Plaintiff protectively filed an application for Supplemental Security Income on January 26, 2018, on D.E.L.'s behalf, alleging disability as of September 1, 2017. That claim was initially denied on May 15, 2018. Plaintiff initially requested a hearing, but later waived her right to appear and testify at a hearing, and indicated that the record was complete. (Dkt. #9 at 11). On January 17, 2019, ALJ William M. Weir issued a decision concluding that D.E.L. was not disabled. (Dkt. #9 at 11-26). That decision became the final decision of the Commissioner when the Appeals Council denied review on March 19, 2020. (Dkt. #9 at 1-4). Plaintiff now appeals.

Plaintiff has moved (Dkt. #10) and the Commissioner has cross moved (Dkt. #12) for judgment on the pleadings pursuant to Fed. R. Civ. Proc. 12(c). For the reasons that follow, I find

that the Commissioner's decision is supported by substantial evidence, and was not the product of legal error.

## DISCUSSION

### I.  Relevant Standards

Because the claimant is a child, a particularized, three-step sequential analysis is used to determine whether he is disabled. First, the ALJ must determine whether the child is engaged in substantial gainful activity. *See* 20 CFR §416.924. If so, the claimant is not disabled. If not, the ALJ proceeds to step two, and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act. If not, the analysis concludes with a finding of "not disabled." If so, the ALJ continues to step three.

At step three, the ALJ examines whether the claimant's impairment meets or equals the criteria of a listed impairment. If the impairment meets or medically equals the criteria of a listing and meets the durational requirement (20 CFR §416.924) – that is, if the child's impairments are functionally equivalent in severity to those contained in a listed impairment – the child is disabled. If not, he is not disabled. In making this assessment, the ALJ must measure the child's limitations in six areas: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for himself; and (6) health and physical well-being. Medically determinable impairments will be found to equal a listed impairment where they result in "marked" limitations in *two or more* domains of functioning, or an "extreme" limitation in one or more. 20 CFR §§416.926a(a), (d) (emphasis added).

The Commissioner's decision that D.E.L. is not disabled must be affirmed if it is supported by substantial evidence, and if the ALJ applied the correct legal standards. *See* 42 U.S.C. §405(g); *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir.2002).

## II.   The ALJ's Decision

The ALJ initially found that since the January 26, 2018 application date, D.E.L. (who was nine to ten years old during the applicable period) has had the following impairment: a learning disorder with a non-severe unspecified mood disturbance condition. (Dkt. #9 at 14).

The ALJ proceeded to analyze whether D.E.L. has any "marked" or "extreme" limitations in any of the six domains of functioning. Based on the medical and educational evidence presented, the ALJ concluded that since the alleged date of onset, D.E.L. has had a marked limitation in acquiring and using information, a less than marked limitation in attending and completing tasks, a less than marked limitation in interacting and relating with others, no limitation in moving about and manipulating objects, no limitation in the ability to care for himself, and a less than marked limitation in health and well-being. The ALJ accordingly concluded that D.E.L. is "not disabled." (Dkt. #9 at 20-25).

## III.  Listing 112.05

Plaintiff initially argues that the ALJ erred in finding that D.E.L.'s learning disorder did not meet or equal Listing 112.05.

In order to meet or equal Listing 112.05, a child must demonstrate:

1. Significantly subaverage general intellectual functioning evidenced by a or b: [. . .]
    b. A full scale (or comparable) IQ score of 71-75 accompanied by a verbal or performance IQ score (or comparable part score) of 70 below on an individually administered standardized test of general intelligence; *and*

2. Significant deficits in adaptive functioning currently manifested by extreme limitation of one, or marked limitation of two, of the following areas of mental functioning:
    a. Understand, remember or apply information; or

   b. Interact with others; or
   c. Concentrate, persist or maintain pace; or
   d. Adapt of manage oneself.

20 C.F.R. Part 404, Subpt. P, §112.05B.

  Here, as the ALJ acknowledged, D.E.L. showed a full-scale IQ score of 75, and the record included a performance IQ score of 60. Thus, an extreme limitation in one, or a marked limitation in two, of the mental functioning domains was necessary to establish disability under Listing 112.05. The ALJ did not find extreme limitations in any functional domain, and found a "marked" limitation in only one (understanding, remembering or applying information).

  Although plaintiff argues that the ALJ should have found that plaintiff's ability to adapt or manage himself was also "marked," the ALJ's analysis of that functional domain was supported by substantial evidence of record which the ALJ identified, including the opinion of State agency medical consultant Dr. B. Stouter (Dkt. #9 at 59-66), observations by consulting psychologist Dr. Christine Ransom that D.E.L.'s functional limitations were "mild and episodic" and that he could "dress, bathe and groom himself at age-appropriate levels" (Dkt. #9 at 185-88), and D.E.L.'s daily activities, which included dressing himself, helping with chores, and playing with friends. (Dkt. #9 at 24). Plaintiff points to no evidence of record (before or after the ALJ's decision was rendered) that would support a finding of marked or extreme limitations in the domain of adapting or managing oneself.

  As such, the ALJ did not err in finding that Listing 112.05 was inapplicable.

**IV.** **The ALJ's Duty to Complete the Record**

  Plaintiff argues that the ALJ failed to complete the record, because he did not obtain D.E.L.'s educational records from the 2018-2019 school year, comprised of his grade report, progress reports, and 2018-2019 Individualized Education Program ("IEP"). The Court disagrees.

4

"Because a hearing on disability benefits is a non-adversarial proceeding, the ALJ generally has an affirmative obligation to develop the administrative record." *Perez v. Chater*, 77 F.3d 41, 47 (2d Cir. 1996). This includes the duty "to investigate and develop the facts and develop the arguments both for and against the granting of benefits." *Butts v. Barnhart*, 388 F.3d 377, 386 (2d Cir. 2004). The responsibility of the ALJ to fully develop the record is particularly weighty where, as here, the plaintiff is pro se. *See Moran v. Astrue*, 569 F.3d 108, 113 (2d Cir. 2009). Nonetheless, an ALJ is not obligated to continue developing the record where the record is already sufficiently complete to make a determination as to disability. *See Janes v. Berryhill*, 710 Fed. Appx. 33, 34 (2d Cir. 2018); *Perez v. Chater*, 77 F.3d 41, 48 (2d Cir. 1996).

Here, the record before the ALJ included plaintiff's educational records through March 2018, including plaintiff's 2017-2018 IEP and test scores, evaluations from school psychologist Keilka Salsbury and educational evaluator Donna O'Neill, and opinions by both consulting and reviewing sources as to D.E.L.'s mental and physical abilities and limitations. The records plaintiff claims were omitted – that is, 19 pages of educational records from April 2018 through January 2019 – were subsequently submitted to the Appeals Council, which determined that they "d[id] not show a reasonable probability that [they] would change the outcome of the decision." (Dkt. #9 at 2, 31-49, 159-180).

The Court concurs. The records at issue, consisting primarily of D.E.L.'s 2018-2019 IEP and his January 2019 progress report, show a consistent and even continuation of D.E.L.'s academic difficulties from the prior year. They do not suggest any appreciable change in D.E.L.'s IEP or the challenges it was intended to address, and do not differ materially from his IEP for the prior year, upon which the ALJ relied. *Compare* Dkt. #9 at 159-168 (2017-2018 IEP) *with* Dkt. #9 at 40-49 (2018-2019 IEP). Indeed, although the 2018-2019 records note that D.E.L.'s progress

toward some IEP goals was inconsistent or gradual, he nonetheless earned passing grades, averaging 80 and 83 for the first two quarters of the academic year, with uniformly positive comments from his teachers. (Dkt. #9 at 31). As such, I find no reason to disturb the Appeals Council's conclusion that there was no reasonable probability that consideration of these "new" records would have changed the outcome of D.E.L.'s disability claim, nor do I find that the absence of these records created a gap in the record before the ALJ that would necessitate remand.

I have considered the rest of plaintiff's claims, and find them to be without merit.

## CONCLUSION

For the foregoing reasons, I find that the Appeals Council did not err in declining to remand the matter for consideration of additional evidence, that the ALJ fulfilled his duty to complete the record, that his decision is supported by substantial evidence and was not the product of legal error. The plaintiff's motion for judgment on the pleadings (Dkt. #10) is denied, the Commissioner's cross motion for judgment on the pleadings (Dkt. #12) is granted, and the complaint is dismissed.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       May 18, 2021.